**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**DON M. ANDREW, JR.**                                                  **CIVIL ACTION**

**VERSUS**                                                                     **NO. 15-2097**

**ST. TAMMANY PARISH SHERIFF, ET AL.**                   **SECTION "G"(3)**


<u>REPORT AND RECOMMENDATION</u>

        Plaintiff, Don M. Andrew, Jr., filed this *pro se* and *in forma pauperis* complaint against the St. Tammany Parish Sheriff in June of 2015.  On two occasions thereafter, the undersigned United States Magistrate Judge attempted to hold <u>Spears</u> hearings in this case to examine the basis of plaintiff's claims.  <u>See</u> <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1989).  However, neither of those hearings could ultimately be held because plaintiff failed to keep the Court apprised of his current address and his whereabouts were unknown at the time of the hearings.  <u>See</u> Rec. Docs. 13 and 16.

        This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."  Local Rule 11.1.  Moreover, it is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration:  "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."  Rec. Doc. 5, p. 4.

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1.  More than thirty-five days ago, mail sent to plaintiff at the Oakdale Federal Correctional Institution, his address of record, was returned by the United States Postal Service as undeliverable.   Rec. Doc. 17.  A search for plaintiff using the "Find an Inmate" function on the Federal Bureau of Prison's website (www.bop.gov) reveals that he is "NOT IN BOP CUSTODY."

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed. R. Civ. P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  Here, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so, and mail sent to him at his address of record has been returned as undeliverable.  Due solely to plaintiff's failure, his

whereabouts are unknown, and this Court has no way to hold a <u>Spears</u> hearing in this matter or to otherwise advance this case on the docket.  Therefore, plaintiff's complaint should be dismissed for failure to prosecute.

**<u>RECOMMENDATION</u>**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this twenty-fourth day of March, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.