**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DON M. ANDREW, JR.                                    CIVIL ACTION

VERSUS                                                CASE NO. 15-2097

ST. TAMMANY PARISH SHERIFF                            SECTION: "G"(3)

## ORDER

Pending before the Court is Plaintiff Don M. Andrew, Jr.'s ("Plaintiff") Motion for Relief from Judgment,[1] wherein Plaintiff urges the Court to reopen this action, which was dismissed with prejudice on April 11, 2016 for failure to prosecute.[2] Having considered the motion, the opposition, the record, and the applicable law, for the reasons that follow, the Court will deny the motion.

## I. Background

On July 10, 2015, Plaintiff filed a pro se and in forma pauperis complaint against the St. Tammany Parish Sheriff Rodney J. Strain, Jr. ("Defendant"), alleging that his constitutional rights were violated when he was attacked in the St. Tammany Parish Jail on June 17, 2014.[3] On January 13, 2016, the Magistrate issued an order setting a *Spears* hearing for February 11, 2016.[4] The Order was mailed to Plaintiff at the address provided by him at Oakdale Federal Correctional Institute. However, the Order was returned as undeliverable because Plaintiff is no longer housed at the

---

[1] Rec. Doc. 22.

[2] Rec. Docs. 19, 20.

[3] Rec. Doc. 5.

[4] Rec. Doc. 15.

1

facility.[5] On February 2, 2016, the Magistrate issued another Order directing Plaintiff to notify the Court of his current address.[6] Plaintiff did not respond to the Magistrate's Order. Therefore, the Magistrate recommended that this Court dismiss the complaint.[7] Plaintiff did not file any objections to the Magistrate's recommendation. Accordingly, on April 11, 2016, the Court adopted the Magistrate's Report and Recommendation and dismissed Plaintiff's claim with prejudice for failure to prosecute.[8]

On May 31, 2016, Plaintiff filed the instant motion seeking relief from the Court's April 11, 2016 Order.[9] On June 16, 2016, Defendant filed an opposition to the motion.[10]

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of Rule 60 Motion*

Plaintiff asserts that "he was not on federal grounds when [he] was suppose[d] to have [his] *Spears* hearing on 2-11-16."[11] Plaintiff attaches a letter dated March 11, 2016, from the Federal Bureau of Prisons, which states that Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons on December 4, 2015.[12] Plaintiff asserts that the letter explains where he was on February 11, 2016.[13]

---

[5] Rec. Doc. 17.

[6] Rec. Doc. 16.

[7] Rec. Doc. 18.

[8] Rec. Docs. 19 and 20.

[9] Rec. Doc. 22.

[10] Rec. Doc. 23.

[11] Rec. Doc 22 at 1.

[12] *Id.*

[13] *Id.*

The letter is addressed to Plaintiff courtesy of the East Baton Rouge Parish Sheriff's Office.[14] The letter states that Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons claiming that his mail was delayed from August 2015 to October 2015.[15] The letter informed Plaintiff that an investigation revealed that the mail room staff had processed incoming mail in accordance with applicable policy, which provides that properly delivered mail will be delivered within 24 hours of receipt.[16] The letter states that Plaintiff's claim was denied because "there is no indication [Plaintiff] sustained a loss of property caused by the negligence of an officer or employee of the United States Government acting within the scope of employment."[17]

**B.    *Defendant's Response***

In opposition, Defendant asserts that Plaintiff "has utterly failed to satisfy the burden imposed by either Rule 59 or Rule 60, and he fails to challenge the substance of the Court's ruling in any relevant or significant way."[18] Accordingly, Defendant asserts that Plaintiff's motion should be denied.[19]

---

[14] *Id.* at 3.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 23 at 2.

[19] *Id.*

Defendant notes that a Rule 59(e) motion must be filed within 28 days after entry of the judgment.[20] Moreover, Defendant asserts that the motion fails to satisfy the requirements set forth by Rule 59(e) because Plaintiff did not set out which of the grounds upon which he was relying.[21] Defendant asserts that it appears Plaintiff's motion is founded on his claim that he was at another facility at the time of the scheduled *Spears* hearing.[22] Defendant notes that as his sole evidentiary support, Plaintiff attached a copy of a letter addressed to Plaintiff at a different facility.[23] However, Defendant points out that the letter is dated a month after the cancelled *Spears* hearing.[24] Moreover, Defendant asserts that Plaintiff is ignoring the fact that it was his responsibility to keep the Court informed of his whereabouts.[25] Accordingly, Defendant asserts that the additional facts raised by Plaintiff, even if true do not create "a manifest error of law" or "manifest injustice."[26]

Addressing Plaintiff's motion under Rule 60(b), Defendant asserts that Plaintiff's motion "is based exclusively on his own misunderstanding of the relevant law and his failure to accept responsibility for his unquestionable failure to keep the Court apprised as to his location."[27] Defendant asserts that Plaintiff has not made a showing of any "extraordinary circumstances" that

---

[20] *Id.*

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 6.

would warrant relief under Rule 60(b)(6).[28] Accordingly, Defendant asserts that Plaintiff's motion should be denied because Plaintiff is "seeking a second 'bite at the apple' and grasping at straws in a last-ditch effort to revive an otherwise dead case."[29]

## II. Law and Analysis

The Fifth Circuit has noted that while the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such a motion may challenge a judgment under Federal Rules of Civil Procedure 59(e) or 60(b), depending on the time of the filing.[30] If such a motion is filed within 28 days after entry of the judgment from which relief is being sought, the motion will be treated as a motion to reconsider under Rule 59(e).[31] Here, Plaintiff's motion was brought more than 28 days after entry of the April 11, 2016 judgment.[32] Accordingly, the Court considers the motion under Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1)    Mistake, inadvertence, surprise, or excusable neglect;
(2)    Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[28] *Id.*

[29] *Id.*

[30] *Gulf Offshore Logistics, L.L.C., et al. v. Seiran Exploration & Prod. Co., LLC, et al.*, No. 11-1788, 2014 WL 2215747, at *5 (E.D. La. May 28, 2014) (Brown, J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

[31] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). *See also* Fed. R. Civ. P. 59(e).

[32] Rec. Doc. 20. Plaintiff's motion was received by the Clerk of Court on May 31, 2016. Rec. Doc. 22. However, the motion is dated May 14, 2016. *Id.* "Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing." *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009) (citing *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006)). Therefore, for purposes of this motion, the Court uses May 14, 2016 as the date of filing. May 14, 2016 was 33 days after entry of the April 11, 2016 judgment.

     (3)     Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;

     (4)     The judgment is void;

     (5)     The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

     (6)     Any other reason that justifies relief.[33]

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[34]

Plaintiff asserts that he is entitled to relief from the Court's April 11, 2016 judgment dismissing his claims for failure to prosecute because he was not in federal custody on February 11, 2016, the date of his *Spears* hearing.[35] Plaintiff relies on a letter dated March 11, 2016, from the Federal Bureau of Prisons, which states that Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons on December 4, 2015.[36] The letter is addressed to Plaintiff courtesy of the East Baton Rouge Parish Sheriff's Office.[37] Plaintiff contends that the letter supports his assertion that he was not on federal grounds on February 11, 2016.[38] However, as Defendant points out, the letter is dated a month after the cancelled *Spears* hearing.[39] Therefore, the letter does not support Plaintiff's assertion that he was not in federal custody on February 11, 2016.

---

[33] Fed. R. Civ. P. 60(b).

[34] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[35] Rec. Doc 22 at 1.

[36] *Id.*

[37] *Id.* at 3.

[38] *Id.* at 1.

[39] Rec. Doc. 23 at 4.

The March 11, 2016 letter states that Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons claiming that his mail was delayed from August 2015 to October 2015.[40] The letter informed Plaintiff that his claim was denied because an investigation revealed that the mail room staff had processed incoming mail in accordance with applicable policy, which provides that properly delivered mail will be delivered within 24 hours of receipt.[41] Therefore, to the extent that Plaintiff may be arguing a delay in mail contributed to his failure to respond to the Court's Orders, the letter does not support such an assertion because there is no evidence that Plaintiff's mail was actually delayed.

Further, it was Plaintiff's responsibility to keep the Court informed of his whereabouts. Local Rule 11.1 provides that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Additionally, Local Rule 41.3.1 further provides:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Plaintiff was aware of this obligation, as his complaint included the following declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."[42]

The Federal Rules of Civil Procedure specifically provide that a court may dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil

---

[40] Rec. Doc. 22 at 3.

[41] *Id.*

[42] Rec. Doc. 5 at 4.

Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.[43] The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.[44] Plaintiff failed to respond to the Magistrate Judge's October 16, 2015 Order and his February 2, 2016 Order, both of which directed Plaintiff to notify the Court of his change of address. Plaintiff did nothing to pursue his case for a period of over seven months. Plaintiff has not shown that the Court's judgment should be set aside due to mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, misrepresentation, or misconduct by any opposing party. Further, Plaintiff has not shown that the judgment is void or that any "extraordinary circumstances" would warrant relief under Rule 60(b)(6). Accordingly, the Court will deny Plaintiff's motion.

### IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff is not entitled to relief from the Court's April 11, 2016 judgment under Rule 60(b). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment[45] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  2nd  day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[43] Fed. R. Civ. P. 41(b).

[44] *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

[45] Rec. Doc. 22.